In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-07-420 CR


____________________



MICHAEL RAY MARTIN, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 94029






 MEMORANDUM OPINION


 Pursuant to a plea bargain, Michael Ray Martin pled guilty to aggravated robbery. See
Tex. Pen. Code Ann. § 29.03 (Vernon 2003). The trial court deferred adjudication of guilt, 
placed Martin on community supervision for ten years, and assessed a $1,500 fine. The State
subsequently filed a motion to revoke Martin's community supervision. Martin pled true to
five violations of the terms that had been established for community supervision. The trial
court revoked Martin's community supervision, adjudicated him guilty, and then sentenced
him to twenty-five years in prison. Martin appealed. 

 Martin's appellate counsel filed an Anders brief. See Anders v. California, 386 U.S.
738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel's brief meets the Anders requirements
by presenting a professional evaluation of the record that demonstrates why there are no
arguable grounds to be advanced. See High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App.
1978). Counsel provided Martin with a copy of the brief.

 Martin then filed a pro se brief raising several issues. First, he complains that the trial
court improperly revoked his community supervision. Martin claims that his sentence is
excessive because this was the first time he had been convicted of a crime for which he had
been sentenced to jail. Martin also asserts that because of his diminished capacity at the time
of the offense, he should not be held criminally responsible. Martin further argues that his
counsel was ineffective, that his plea was involuntary, that the trial court failed to properly
admonish him regarding his right to appeal, that his indictment did not sufficiently charge
him with a crime, and that he was denied access to the record to properly prepare his pro se
brief. As a result, Martin requests this Court "proceed with a full examination of the record
to determine if the points are wholly frivolous or are arguable on their merits."

 In addressing an Anders brief and pro se response, a court of appeals may only
determine (1) that the appeal is wholly frivolous and issue an opinion explaining that we have
reviewed the record and find no reversible error, or (2) that arguable grounds for appeal exist 
and remand the cause to the trial court so that new counsel may be appointed to brief the
issues. Bledsoe v. State, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). Although Martin
complains that he was denied access to the record to prepare his pro se response, Martin's
pleadings and correspondence indicate that he was provided the entire appellate record that
is before us. Moreover, Martin has not identified specific records to demonstrate that we do
not have all records of the proceedings from the trial court relevant to his appeal. See
generally Tex. R. App. P. 34.5(c)(1), 34.6(d). Having reviewed the clerk's record, the
reporter's record, counsel's brief, and appellant's pro se brief, we agree that the appeal is
frivolous. See Bledsoe, 178 S.W.3d at 826-27. Therefore, we find it unnecessary to order
appointment of new counsel to re-brief the appeal. Compare Stafford v. State, 813 S.W.2d
503, 511 (Tex. Crim. App. 1991).

 We affirm the trial court's judgment. (1) 

 AFFIRMED.

 _____________________________

 HOLLIS HORTON

 Justice


Submitted on July 28, 2008

Opinion Delivered August 13, 2008

Do Not Publish


Before McKeithen, C.J., Gaultney and Horton, JJ.
1. Martin may challenge our decision in this case by filing a petition for discretionary
review. Tex. R. App. P. 68; Bledsoe v. State, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005). 
Additionally, relief in appropriate cases for claims of ineffective assistance of counsel is
generally available through an application for writ of habeas corpus. See Thompson v. State,
9 S.W.3d 808, 814-15 (Tex. Crim. App. 1999).